UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDSAY CHENEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:16-cv-1003 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, has filed a notice of removal of a state criminal prosecution from Butte County Superior Court. ECF No. 1. He also seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff's application to proceed in forma pauperis makes the necessary showing that he is unable to afford the cost of suit and will be granted.

Plaintiff is attempting to remove Butte County Superior Court Case No. CM037146, a state criminal proceeding, to federal court. ECF No. 1 at 17. However, it is clear from both the contents of the petition and an attached exhibit that Carl Hans Andersen, not plaintiff, is the defendant in that case. Id. at 2-3, 22-28. Shortly after filing his notice of removal, plaintiff filed additional documents that indicate he may instead be attempting to remove Butte County Superior Court Case No. SCR96290, in which he is the defendant. ECF Nos. 4, 5, 6. For the reasons set forth below, this court lacks jurisdiction and remand is appropriate regardless of which case plaintiff is attempting to remove.

1

1    I.      Case No. CM037146

2    If plaintiff is attempting to remove a case in which he is not the defendant, then he lacks

3    standing. The Article III case or controversy requirement limits federal courts' subject matter

4    jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams.

5    United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III

6    standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case

7    or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty

8    Int'l USA, 568 U.S. 398, 408 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). To

9    satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and

10   particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the

11   challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling.

12   Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.

13   Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction

14   bears the burden of establishing these elements . . . with the manner and degree of evidence

15   required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

16   Since plaintiff is not the defendant in the state court case, he has no injury traceable to the

17   proceedings or redressable by a favorable ruling. Plaintiff therefore has no standing to pursue

18   relief related to the proceedings in Case No. CM037146. Furthermore, although plaintiff does not

19   appear to be attempting to do so, to the extent his intention is to proceed in a representative

20   capacity for Mr. Andersen, "a non-lawyer 'has no authority to appear as an attorney for others

21   than himself.'" Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (quoting C.E.

22   Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987))).

23   II.     Case No. SCR96290

24   If plaintiff is attempting to remove a criminal proceeding in which he is the defendant, he

25   fails to establish that his case qualifies for removal.

> Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution. The Supreme Court, however, has given section 1443 a restrictive interpretation. In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925, and

> Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944, the Court set out the narrow parameters of this right. All petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. (Georgia v. Rachel, supra at 788-792, 86 S. Ct. 1788-1790; Greenwood v. Peacock, supra at 824-827, 86 S. Ct. at 1810-1812.) Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice. (Georgia v. Rachel, supra at 794-804, 86 S. Ct. at 1791-1797; Greenwood v. Peacock, supra at 827-828, 86 S. Ct. at 1812-1813.)

People of the State of Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Evaluation of the notice of removal and subsequently filed documents show that plaintiff has failed to meet either criteria.

III. Habeas Corpus

The court declines to interpret plaintiff's notice of removal as a petition for writ of habeas corpus, because it appears that (1) any potential claims are unexhausted and (2) final judgment may not yet have been entered. According to the Butte County Superior Court's docket, Case No. SCR96290 was initiated on December 11, 2013 and is still active.[1] A further search of the California Supreme Court's docket shows that the most recent case initiated by plaintiff was resolved over five years before the relevant case against plaintiff was initiated. Since it appears there may not be a final judgment and, even if there is, any claims would be unexhausted, if the court were to construe the notice of removal as a habeas petition, it would have to be denied. See 28 U.S.C. § 2254(a), (b)(1) (petitioner must be "in custody pursuant to the judgment of a State court" and relief cannot be granted unless state court remedies have been exhausted).

IV. Younger Abstention

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

The court also declines to interpret plaintiff's notice of removal as a civil rights action under 42 U.S.C. § 1983. As noted above, review of the docket for Case No. SCR96290 indicates that the case is still active. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008 (citations and footnote omitted). Younger abstention is required "if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." Id. at 1092 (citations omitted).

In the instant case, the court finds that all four requirements for exercising Younger abstention are met. The state-initiated criminal proceeding against plaintiff appear to still be ongoing; the proceeding implicates important state interests; plaintiff is not barred from raising federal constitutional challenges in the state criminal proceeding; and this court's failure to abstain would directly interfere with the state proceeding. These factors demonstrate that were the court to consider the notice of removal as a civil complaint, it should abstain from considering plaintiff's claims and dismiss them.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this case be remanded to the Butte County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

4

with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE